OPINION
Defendant Michael Curtis appeals a judgment of the Municipal Court of Canton, Stark County, Ohio, convicting and sentencing him for one count of petty theft in violation of R.C. 2913.02. Appellant assigns five errors to the trial court:
ASSIGNMENTS OF ERRORS
 ASSIGNMENT OF ERROR NO. 1
 THE APPELLANT WAS DENIED HIS RIGHTS TO A FAIR TRIAL AND DUE PROCESS OF LAW BY PERMITTING IDENTIFICATION TESTIMONY BASED ENTIRELY UPON THE CONTENTS OF A SURVEILLANCE VIDEOTAPE WHILE DENYING APPELLANT'S REQUEST TO ALLOW THE JURY TO VIEW THE VIDEOTAPE IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, EVID. R. 1002;401.
 ASSIGNMENT OF ERROR NO. 2
 THE APPELLANT WAS DENIED HIS RIGHTS TO A FAIR TRIAL, AND DUE PROCESS OF LAW BY THE TRIAL COURT'S FAILURE TO EXCLUDE TESTIMONY TO PROVE THE CONTENTS OF A SURVEILLANCE VIDEOTAPE WHEN THE VIDEOTAPE WAS NOT AVAILABLE FOR REVIEW BY APPELLANT AND/OR THE JURY IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION AND EVID. R. 602; 701; 1002.
 ASSIGNMENT OF ERROR NO. 3
 THE MISCONDUCT OF THE PROSECUTOR IN REFERRING TO THE APPELLANT'S PREVIOUS BAD ACTS AND IN FAILING TO PRODUCE THE SURVEILLANCE VIDEOTAPE WERE NOT HARMLESS ERROR AND SO INFECTED THE TRIAL WITH UNFAIRNESS AS TO MAKE APPELLANT'S CONVICTION A DENIAL OF DUE PROCESS UNDER THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.
 ASSIGNMENT OF ERROR NO. 4
 NO ACTIONS BY THE TRIAL JUDGE COULD HAVE REMOVED THE EFFECT OF THE PROSECUTOR'S PERSISTENT AND CUMULATIVE MISCONDUCT FROM THE JURORS THEREBY DENYING APPELLANT HIS RIGHT TO A FAIR TRIAL UNDER THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10
OF THE CONSTITUTION OF THE STATE OF OHIO.
 ASSIGNMENT OF ERROR NO. 5
 CONSTITUTION ERRORS WERE MADE AT TRIAL WHICH RESULTED IN A DENIAL OR INFRINGEMENT OF MR. CURTIS' RIGHTS SO AS TO RENDER THE JUDGMENT VOID OR VOIDABLE UNDER THE UNITED STATES AND OHIO CONSTITUTIONS.
At trial, the State presented evidence appellant, a bricklayer for Republic Engineered Steel, had stolen a 22 pound bag of nickel shot. On June 10, 1997, Roger Anderson, whose is also employed by Republic Engineered Steel, reported to the supervisor, Anthony Mucci, that a 22 pound bag of nickel shot used in the steel fabrication process was missing. On 12 to 15 prior occasions, Anderson had made similar reports to Mucci. Because of the on-going thefts, Republic had installed video cameras to monitor locations where the bags of nickel were stored.
Mucci reviewed the June 10 surveillance video tape, which Mucci testified depicted appellant pacing back and forth around the nickel pile. After looking around to see if anyone was watching him, appellant picked up a bag of nickel, and put it under his jacket. Appellant has been employed by Republic for 21 years, but does not work under Mucci nor near the area where the theft occurred.
Mucci called the Plant Protection Department and informed them of the theft, and Thomas Bower, the Supervisor of Security, viewed the video tape. Bower went to the exit gate and checked all departing employees, searching any bags they were carrying. Bower stopped appellant at the exit, and observed him to be carrying a white canvas bag. Bower investigated and found a plastic grocery bag containing a 22 pound bag of nickel shot. Bower instructed appellant to return to the building, and observed him reach inside the bag and discard something into a trash barrel. Later nickel shot was found in the trash barrel. Republic then notified the Stark County Sheriff's Department.
At trial, defense counsel objected to Mucci's testimony regarding what Mucci saw on the plant security video tape. Counsel argued the video tape had not been made available in discovery. The court excused the jury and conducted a discussion on the record, wherein the defense counsel was offered an opportunity to view the video tape. Defense counsel declined, on the State's assertion it was not going to introduce the tape into evidence because the court lacked the proper viewing equipment. The court also refused defense counsel's request to play the video tape for the jury.
During direct examination of James Good, the Manager of Security and Fire for Republic, the State referred to receipts from Morris Scrap Metal, which indicated the company had purchased nickel shot in the past, from "M.L. Curtis or M. C. Curtis". The court sustained appellant's objection to the line of questioning, but the State cross-examined appellant regarding the receipts. The State presented no rebuttal witnesses from Morris Scrap Metal to authenticate the receipts or identify appellant as the person to whom the receipts were issued.
 I and II
Appellant maintains he was denied his right to fair trial and due process because the trial court permitted identification testimony placed upon the contents of the surveillance video tape, but neither required the State to play the tape for the jury or permitted appellant to play the tape for the jury. Appellant argues Evid.R. 1002, the Best Evidence Rule, requires the State to introduce a video tape in order to prove the contents thereof.
Evid.R. 1002 provides:
 To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio.
First of all, the record demonstrates the video tape was made available for inspection during discovery, although defense counsel chose not to review it then, or during recess in the trial.
Further, we find the State was not required to present the video tape to bolster the credibility of its witnesses. The record indicates Mucci testified he recognized appellant as the person stealing the nickel, while Bower testified he actually observed appellant in possession of the stolen property, and was able to observe appellant disposing of the property into the trash.
Finally, we find defense counsel waived any objection to the State's failure to present the video tape.
The first and second assignments of error are overruled.
 III and IV
Next, appellant alleges various acts of misconduct by the State. In State v. Lott (1990), 51 Ohio St.3d 160, the Ohio Supreme Court set forth our standard of reviewing allegations of prosecutorial misconduct. Lott sets forth a two-prong test requiring us to determine both whether the prosecutor's conduct was improper, and if so, whether the misconduct was prejudicial to the substantial rights of the defendant.
Appellant cites two specific instances which he asserts amount to prosecutorial misconduct. The first is the failure to introduce the surveillance video tape into evidence, which we found supra, I, was not improper. The second involves the State's attempt to elicit testimony regarding receipts from Morris Scrap Dealers without authentication of the evidence by a witness from the company. Appellant argues the State's questioning of James Good and appellant regarding the receipts created a clear inference appellant had committed similar bad acts, and had acted in conformity with those prior bad acts on June 10.
Evid.R. 404(B) provides:
 Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show he acted in conformity therewith. The evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
The State argues it provided appellant with the name of Paul Morris on its list of witnesses to be called at trial. Paul Morris owns Morris Scrap Metal. Morris did not testify at trial to authenticate the receipts. However, the State asked James Good various questions regarding the receipts, but after the court sustained appellant's objection, did not ask any further questions. When appellant took the stand, he testified he had never gone to Morris Scrap Metal and had never even picked up a bag of nickel. Appellant testified all the canvas bag contained on June 10 was some fruit for his lunch. The State asked appellant if he was aware it was the policy of the Morris shop to record on the receipt the Ohio license plate number of every car from whom it buys scrap metal. Appellant denied knowing anything about that. Over defense counsel's objection, appellant reviewed the receipt, and denied that the license plate listed as, "M.C. Curtis", belonged to him. Appellant testified his Ohio license plate says "M. Curtis".
The trial court instructed the jury the testimony was not admissible to prove appellant had a bad character and acted in conformity with that bad character on June 10. The court informed the jury the evidence was admissible to show another purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident.
We find the trial court did not err in permitting the State use the receipt from Morris Scrap Metal at trial, in light of the cautionary jury instruction given.
We find no prosecutorial misconduct in the above, and accordingly, assignments of error three and four are overruled.
 V
Given the foregoing, we find the trial court did not make constitutional errors which resulted in a denial or infringement of appellant's rights so as to render the judgment void or voidable.
The fifth assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., concur.
Hoffman, J., dissents